**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ben Daranda, | No. CV-22-00219-TUC-CKJ (DTF) |
|     Petitioner, | **ORDER** |
| v. | |
| D. Colbert, | |
|     Respondent. | |

Pending before the Court is Respondent's Motion to Stay (Doc. 20). The Motion is fully briefed. (Docs. 22, 23.) This matter has been referred to the undersigned Magistrate Judge. (Doc. 5 at 3.) This motion is not tantamount to a dispositive motion, such an order is appropriate—instead of a report and recommendation. *Cf. Mitchell v. Valenzuela*, 791 F.3d 1166, 1167, 1169-74 (9th Cir. 2015) (referred magistrate judge was without authority to determine motion to stay when issue is dispositive and must submit report and recommendation). As more fully set forth below, the Motion to Stay (Doc. 20) shall be denied.

## BACKGROUND

On May 9, 2022, Petitioner filed the present Petition for Writ of Habeas Corpus Under 28 U.S.C. (Doc. 1.) Petitioner asserted "that he is actually innocent of the sentencing enhancement pursuant to 18 U.S.C. § 3559(e) because his prior state conviction is not a categorical match to any federal offense enumerated in § 3559(e), and he has not had an unobstructed procedural shot at presenting this claim." (Doc. 5 at 2.) Further, Petitioner

claims "the Ninth Circuit's recent unpublished decision on *Courtright v. Von Blanckensee*, No. 20-15473, 2022 WL 522106 (9th Cir. Feb. 22, 2022), supports his contention that this Court has jurisdiction to hear his claims under 28 U.S.C. § 2241." *Id.* Although such a claim is usually presented under 28 U.S.C. § 2255, Petitioner is presenting this claim under the "escape hatch" or "savings clause," which is available when the remedy under § 2255 is inadequate or ineffective. *See* § 2255(e).

The District Judge screened the Petition and ordered Respondent to file an answer. (Doc. 5.) On July 25, 2022, the Court appointed an attorney for Petitioner. (Doc. 16.) On August 4, 2022, Respondent filed a Motion to Stay. (Doc. 20.) Respondent asks the Court to stay this matter pending the Supreme Court's decision in *Jones v. Hendrix*. *Id.* at 1. Respondent argues that the decision may make the Petition unviable. *Id.* at 4. Thus, the Respondent argues that a stay would promote efficiency. *Id.*

Petitioner opposes a stay. (Doc. 22.) He argues that a stay could result in unwarranted incarceration. *Id.* at 7. On August 11, 2022, Respondent filed his answer to the petition. (Doc. 21.) Respondent argued that under the current Ninth Circuit standard, the Petition should be dismissed. *Id.* at 10. On September 12, 2022, Petitioner filed his reply to the Petition. (Doc. 24.)

**LEGAL STANDARD**

When determining whether a stay is appropriate, courts must weigh the competing interests, such as damage of a stay, hardship or inequity caused by going forward, and efficiency of the court. *McPeters v. United States*, 220 F.Supp.3d 1024, 1026-27 (C.D. Cal. 2016). The longer the stay, the more justification is necessary to support it. *Id.* at 1027. The traditional test for determining if a stay is appropriate is "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Nken v. Holder*, 556 U.S. 418, 434 (2009) (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)). The traditional stay test is appropriate in habeas matters. *Hilton*, 481 U.S. at

775-77. The burden is on the party requesting a stay. *Nken*, 556 U.S. at 433-34.

## ANALYSIS

Respondent does not evaluate the traditional stay factors. (Doc. 20.) Instead, Respondent relies primarily on efficiency of the Court. *Id.* at 4. Further, Respondent argues Petitioner would not be subject to unwarranted incarceration because the statutory range is fifteen to thirty years and he is unlikely to receive leniency. *Id.* at 4-5. Overall, this argument is unconvincing. First, this matter has already been fully briefed. (Docs. 21, 24.) According to Respondent's Answer, Petitioner cannot succeed under the current Ninth Circuit standard. (Doc. 21 at 10-18.) Thus, it would be unnecessary to wait an indeterminate amount of time before resolving this issue. Further, Respondent is not without recourse if the outcome is unsatisfactory.

Respondent has not put forth that he is likely to succeed on the merits in either matter. (Doc. 20.) Petitioner compellingly argued that Respondent's hope in *Jones* is a minority position, even rejected by the Department of Justice in *Jones.* (Doc. 22 at 3, 5-6.) This factor does not support a stay.

Respondent argues that a stay would not prejudice Petitioner. (Doc. 20 at 4-5.) Petitioner reasons he would likely be subject to unwarranted incarceration because of his good-time credit, a resentencing, and the practice of placing persons in residential re-entry centers up to a year before release. (Doc. 22 at 8.) Moreover, Petitioner asserts he previously did not receive a meaningful opportunity to object to the presentencing report, which may alter his sentencing guidelines. *Id.* Respondent did not address any of these arguments. (Doc. 23.) Thus, Respondent has not shown that this factor points to a stay.

Respondent did not address the third and fourth prong of the traditional stay test, other than judicial efficiency. (Doc. 20.) The Court is unpersuaded by Respondent's argument that a stay would result in added efficiency. First, Respondent has already answered, and Petitioner has already replied. (Docs. 21, 24.) Second, the case may be decided on another issue, according to Respondent the current standard does not provide relief to Petitioner. (Doc. 21 at 10-18.)

1 | Thus, the Motion to Stay shall be denied.

**CONCLUSION**

For the foregoing reasons,

**IT IS HEREBY ORDERED** that the Motion to Stay (Doc. 20) is denied.

Dated this 14th day of September, 2022.

Honorable D. Thomas Ferraro
United States Magistrate Judge