**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ben Daranda,<br><br>            Petitioner,<br><br>v.<br><br>D. Colbert,<br><br>            Respondent. | No. CV-22-00219-TUC-CKJ<br><br>**ORDER** |

       This matter is dismissed for lack of subject matter jurisdiction. The statutory restriction, 28 U.S.C § 2255(h), on second or successive motions to vacate a sentence based solely on more favorable interpretations of statutory law does not make a motion to vacate a sentence inadequate or ineffective under the savings clause, 28 U.S.C. § 2255(e), to allow a petitioner to test the legality of detention by proceeding under the general habeas statute, 28 U.S.C. § 2241. *Jones v. Hendrix*, 143 S.Ct. 1857 (2023).

       Petitioner relied on *Allen v. Ives,* 950 F.3d 1184 (9th Cir. 2020) and other ninth circuit precedent holding that a federal prisoner my use § 2241 to challenge a sentence pursuant to § 2255(e) if he claims actual innocence and has not had an unobstructed procedural shot at presenting the claim because the circuit law governing his appeal and first § 2255 motion manifested an erroneous interpretation of statutory law that has since been corrected by the Supreme Court.

       The *Jones* opinion abrogates the circuit precedent relied on by Petitioner to establish his ability to seek relief pursuant to § 2241. "Although Mr. Daranda preserves

his disagreement with the *Jones* holding, he acknowledges that in light of that holding, the legal basis for his effort to seek relief pursuant to § 2241is no longer valid." (P Resp. to Suppl. Citation of Authority (Doc. 38) at 2 (citing *see Horton v. Lovett*, 72 F.4th 825, 827 (7th Cir. 2023) (finding *Jones* abrogated seventh circuit precedent regarding § 2255(e); *Jones,* 143 S. Ct. at 1867-68 (noting that ninth circuit followed seventh circuit precedent regarding 2255(e)).

On December 19, 2022, Magistrate Judge D. Thomas Ferraro issued a Report and Recommendation (R&R) (Doc.26), without the benefit of *Jones* recommending the Court grant the Petition and transfer the case to the United States District Court, Western District of Louisiana for resentencing. The duties of the district court in connection with a R&R by a Magistrate Judge are set forth in Rule 72 of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1). The district court makes a *de novo* determination as to those portions of the R&R to which there are objections, 28 U.S.C. § 636(b)(1)(C), and may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge," 28 U.S.C. § 636(b)(1). Fed.R.Civ.P. 72(b). In light of *Jones*, the Court rejects the R&R, and denies the Petition for lack of subject matter jurisdiction.

**Accordingly,**

**IT IS ORDERED** that the Report and Recommendation (Doc. 26) is REJECTED.

**IT IS FURTHER ORDERED** that the Petition under 28 U.S.C. § 2241 (Doc. 1) is DENIED.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall enter Judgment and close this case.

**IT IS FURTHER ORDERED** that in the event Petitioner files an appeal, the Court declines to issue a certificate of appealability, pursuant to Rule 11(a) of the Rules

/////

/////

/////

Governing Section 2254 cases because reasonable jurists would not find the Court's procedural ruling debatable. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Dated this 12th day of September, 2023.

*Cindy K. Jorgenson*
Honorable Cindy K. Jorgenson
United States District Judge